YUN ZHENG, also known as Chen Hui Diana Lee, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.

No. 06–2829–ag.

United States Court of Appeals, Second Circuit.

March 1, 2007.

K.C. Huang, New York, NY, for Petitioner.[1]

Peter D. Keisler, Assistant Attorney General, Michelle Gordon Latour, Assistant Director, Surell Brady, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Zheng, a native and citizen of China, seeks review of the June 5, 2006 order of the BIA affirming the January 7, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Zheng*, No. A95 928 867 (B.I.A. June 5, 2006), *aff'g* No. A95 928 867 (Immig. Ct. N.Y. City Jan. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating

them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 336–340 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Zheng challenges the BIA's affirmance of the IJ's adverse credibility finding and asserts that she has met her burden of proof as to the relief requested. Our review of the record leads us to conclude that the agency's decision was correct.

■■■ Zheng's testimony that "about ten people" were arrested at an Easter service, contrasted with the indication in her mother's and brother's letters that no one was arrested, is a substantial inconsistency that bears a legitimate nexus to the primary grounds of her asylum claim. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307–08 (2d Cir.2003). Whether or not arrests occurred at that time is, for instance, significant to an analysis of whether the incident rises above mere harassment to the level of persecution. *See Ivanishvili v. U.S. Dept. of Justice*, 433 F.3d 332, 341 (2d Cir.2006). The IJ was not required to solicit an explanation before relying on this discrepancy because it was dramatic and

---

1. On November 9, 2006 this Court granted Zheng's motion to substitute K.C. Huang in lieu of her previous counsel, Bruno Joseph Bembi of Hempsted, New York, who wrote the Petitioner's Brief.

concerned events central to Zheng's claim of religious persecution in China. *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Nevertheless, Zheng had an opportunity to offer an explanation at the hearing but failed to do so. Furthermore, although some of the other inconsistencies and omissions in the record seem minor when regarded in isolation—such as Zheng's inconsistent testimony about the last time she saw Father Zao Ming—when viewed in the aggregate, they support the IJ's adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Ultimately, nothing in the record would compel a decision different from that reached by the agency. *See, e.g., Liang Chen v. U.S. Atty. Gen.,* 454 F.3d 103, 106 (2d Cir.2006).

██ Zheng failed to establish past persecution due to her lack of credible testimony and thus was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). In order to demonstrate a well-founded fear, an applicant must demonstrate a subjective fear of future persecution that is objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Here, the evidence of a subjective threat of future persecution based upon religious beliefs depended upon Zheng's testimony that she is Catholic, and the agency's adverse credibility determination necessarily precluded success on such a claim. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006). Although Zheng provided evidence of her alleged religious beliefs and practices beyond her testimony, it was not sufficient to overcome the agency's adverse credibility determination, which was supported by substantial evidence. Had the agency made separate findings regarding whether Zheng is a Catholic, and whether her accounts of past persecution were believable,

its analysis of her fear of future persecution would not be complete without an assessment of current conditions in China. *See id.* at 154 n. 5; *Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). This was not the case, however, as the agency made a single finding that Zheng was wholly incredible. Moreover, while Zheng correctly argues that the IJ improperly relied on Zheng's lack of knowledge of Catholic prayers in his credibility analysis, it was a minor error as the IJ noted other specific, cogent bases for the adverse credibility determination. *See Rizal v. Gonzales,* 442 F.3d 84, 89–93 (2d Cir.2006) (substantial evidence did not support an adverse credibility determination based *solely* on the applicant's lack of knowledge about Christian doctrine); *see also Xiao Ji Chen,* 471 F.3d at 336–340.

██ Regarding the additional evidence submitted by Zheng with her appeal to the BIA, there is no authority for the proposition that the BIA is required to consider new evidence outside of a motion to reopen, which is not at issue here. *See Ivanishvili,* 433 F.3d at 344.

██ Zheng's failure to raise her withholding or CAT relief claims before the BIA precludes our review. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). The cursory reference in her BIA brief to the fact that she had applied for these two forms of relief, without further argument, bars consideration of these claims here. *See id.*

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).