22-6508-ag
*Wang v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURTS LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

LIN WANG,

> *Petitioner*,

> v.                                                                          22-6508-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

| | |
|---|---|
| For Petitioner: | STEVEN FRANKEL (Keith S. Barnett *on the brief*), New York, NY. |
| For Respondent: | ARIC A. ANDERSON, Trial Attorney (Brian M. Boynton, Principal Deputy Assistant Attorney General, Holly M. Smith, Assistant Director *on the brief*), *on behalf of* Merrick B. Garland, United States Attorney General, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of an order of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** in part and **DENIED** in part.

Petitioner Lin Wang, a native and citizen of China, petitions for review of an October 4, 2022 order of the BIA, affirming a June 5, 2019 oral decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). *In re Lin Wang*, No. A202 020 335 (B.I.A. Oct. 4, 2022), *aff'g* No. A202 020 335 (Immig. Ct. N.Y. City June 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA "briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so," we consider both decisions "for the sake of completeness." *Wangchuck v. Dep't. of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) (alteration and internal quotation marks omitted). "We review the agency's legal conclusions *de novo*, and its factual findings . . . under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks and citation omitted). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Wang raises two challenges on appeal. First, he contends that the agency erred by dismissing his asylum application as time barred because he adequately alleged a change in circumstances as related to his membership and baptism in the Mormon church while in the United States. *See* 8 U.S.C. § 1158(a)(2)(D) (excusing untimely asylum applications if the applicant demonstrates "either the existence of changed circumstances . . . or extraordinary circumstances

2

relating to the delay in filing an application").[1]  We are unable to reach the merits of the agency's timeliness determination because our jurisdiction to review a denial in that context is limited to constitutional claims and questions of law raised by the petitioner.  *See* 8 U.S.C. § 1252(a)(2)(D).  Wang fails to allege that his constitutional rights were violated as a result of the agency's timeliness determination and although he broadly asserts that the BIA committed "reversible error" in assessing his changed circumstances claim, Petitioner Br. 19, we have recognized that "a petitioner's mere resort to the terms conventionally used in describing . . . questions of law will not overcome Congress's decision to deny jurisdiction over claims which in reality consist of nothing more than quarrels over the correctness of fact-finding and of discretionary decisions." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330–31 (2d Cir. 2006).  Thus, in the absence of a reviewable claim, this Court lacks statutory jurisdiction to review the BIA's denial of Wang's request for asylum as time barred and we dismiss the petition as to asylum on those grounds.

As to Wang's withholding of removal and CAT claims, Wang challenges the agency's adverse credibility determination on the ground that it was not supported by specific, cogent reasons and that the IJ erred in considering his testimony regarding the titular head of the Mormon church.  Wang testified that he was an active member of the Mormon church, attending religious services and programs at least once every two weeks, engaging in various activities, like passing out "holy meals" and helping to clean up at church, and proselytizing to a friend.  But when the IJ asked Wang to identify the name of the current president of the Mormon church, Wang could only recall the name of the prior president, Thomas Monson, who had died the year before.  Wang's counsel acknowledged that the correct answer was Russell Nelson.  The IJ concluded in its oral

---

[1] Wang arrived in the United States in May 2009 on a student visa.  He applied for asylum over five years later, in July 2014, after getting baptized in the Mormon church in January 2014.

3

decision that Wang's incorrect answer undermined his testimony that he was an active member of the Mormon church. Certified Administrative Record ("CAR") at 57; 8 U.S.C. § 1158(b)(1)(B)(iii) ("[A] trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's . . . account.").

To be sure, we have recognized that "a certain level of doctrinal knowledge is [not] necessary" to establish eligibility for relief on grounds of religious persecution, because "people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets." *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006); *see also Meizhen Wang v. Gonzales*, 179 F. App'x 778, 779–80 (2d Cir. 2006) (remanding for reconsideration of the IJ's credibility determination because it was based, in part, on the applicant's failure to name the Pope as the overseer of the Catholic church). But even assuming *arguendo* that the IJ's reasoning ran afoul of *Rizal*, we have declined to remand an adverse credibility determination where the error is "minor" and "the IJ noted other specific, cogent bases for the adverse credibility determination." *Yun Zheng v. U.S. Dep't of Justice*, 221 F. App'x 27, 30 (2d Cir. 2007); *cf. Meizhen Wang*, 179 F. App'x at 779–80 (explaining that "several" of the IJ's findings were "potentially problematic" before remanding on a *Rizal* error). Contrary to Wang's argument, the IJ carefully considered the documentary evidence Wang provided to corroborate his claims regarding his ongoing membership in the Mormon church and his fear of persecution from Chinese authorities, and reasonably determined that this evidence was insufficient to establish Wang's eligibility for relief. While the IJ considered this evidence in the context of rehabilitating Wang's credibility, we are confident that even after remanding the petition for review as to the adverse credibility determination, the IJ would reach the same conclusion. *See Xiao Ji Chen*, 471 F.3d at 336–340 (avoiding remand despite deficiencies in an adverse credibility determination because it

4

could be confidently predicted that the IJ would adhere to its decision were the case remanded); *Yun Zheng*, 221 F. App'x at 30.

The IJ stated at the start that he had "consider[ed] the totality of circumstances and all relevant factors" in determining to deny Wang's claims. CAR at 56. Relevant to the implausibility of Wang's active membership in the Mormon church and his well-founded fear of future persecution based on such membership, the IJ observed that Wang had failed to submit an affidavit from the bishops who recruited him into the church. While Wang stated that church rules prevented the elders from providing letters, he did not document any such restrictions. The agency also reasonably concluded that Wang failed reliably to demonstrate his stated fear of arrest in China. Wang alleged that his friend was arrested while Wang was proselytizing to him over a video call, that this friend disclosed Wang's identity to the police, and that the police delivered a summons for Wang's arrest to his mother's home. The agency did not err in declining to credit the summons as it was not authenticated as set forth in the regulations, *see* 8 C.F.R. § 1287.6(b), and because Wang did not have a letter from his mother to provide a foundation for it. Nor did the agency err in declining to credit the unsigned letter from Wang's friend from China who was unavailable for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination"). As the IJ also noted, the timing of the alleged arrest was suspect as it occurred shortly before Wang was scheduled to appear for a hearing. *See Y.C. v. Holder*, 741 F.3d 324, 338 (2d Cir. 2013) (observing that a fear of persecution claim may be "easy to manufacture" when the activity occurs in the United States but reaches China and the applicant argues that the Chinese government is aware or likely to become aware of that activity). Finally,

the IJ reasonably concluded that country conditions evidence did not support Wang's alleged fear of persecution because a recent State Department report reflected tens of millions of Christians practicing in China and did not reflect arrests of individuals discussing religion on private calls.

In sum, considering the totality of the circumstances, the agency's credibility determination was supported by substantial evidence. 8 U.S.C. § 1158 (b)(1)(B)(iii). We are confident, even assuming *arguendo* that the IJ erred in considering Wang's testimony regarding the president of the Mormon church, that the agency would reach the same result on remand. Moreover, because the only evidence that Wang would be persecuted depended on his continued membership in the Mormon church, the IJ properly denied both Wang's application for withholding of removal and CAT relief after determining that his testimony regarding such ongoing membership was not credible. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

\* \* \*

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6